1  Doug W. Robinson (SBN: 255909)
   dwrobinson@shb.com
2  Tony M. Diab (SBN: 277343)
   tdiab@shb.com
3  Mayela C. Montenegro (SBN: 304471)
   mmontenegro@shb.com
4  SHOOK, HARDY & BACON L.L.P.
   Jamboree Center
5  5 Park Plaza, Suite 1600
   Irvine, California 92614
6  Telephone:   949-475-1500
   Facsimile:   949-475-0016
7
   Gary Miller (*pro hac vice* forthcoming)
8  gmiller@shb.com
   SHOOK, HARDY & BACON L.L.P.
9  111 S. Wacker Drive, Suite 5100
   Chicago, Illinois 60606
10 Telephone:   312-704-7700
   Facsimile:    312-558-1195
11
   Attorneys for Defendant
12 Valeant Pharmaceuticals International, Inc.

13               UNITED STATES DISTRICT COURT

14          CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

15

| | |
|---|---|
| ICONLAB INC., a California corporation, ICON LAB GmbH, a German corporation, REPER-NN, CO. LTD, a Russian corporation,<br><br>Plaintiffs,<br><br>v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., a Delaware corporation; VALEANT HOLDINGS IRELAND, an Irish corporation; BAUSCH & LOMB INCORPORATED, a New York corporation; BAUSCH & LOMG SAGLIK ve OPTIK URUNLERI TIC. A.S., a Turkish corporation; ANADOLU TIP TEKNOLOJILERI URETIM PAZARLAMA ITHALAT IHRACAT TICARET ve SANAYI ANONIM SIRKETI, a Turkish corporation, AND DOES 1-20, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT VALEANT PHARMACEUTICALS INTERNATIONAL, INC.'S NOTICE OF REMOVAL; DEMAND FOR JURY TRIAL**<br><br>[Filed concurrently with Civil Cover Sheet; Declaration of Tony M. Diab; Notice of Interested Parties; Corporate Disclosure Statement; Notice of Related Cases; and Notice of Pendency of Other Actions or Proceedings]<br><br>Complaint Filed: June 6, 2016 |

336523 v1

DEFENDANT VALEANT PHARMACEUTICALS INTERNATIONAL, INC.'S NOTICE OF REMOVAL

## NOTICE OF REMOVAL OF CIVIL ACTION

1.     Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Valeant Pharmaceuticals International, Inc. ("Valeant") files its Notice of Removal in this case from the Superior Court of California for the County of Orange, to the United States District Court for the Central District of California.  In support of this Notice of Removal, Valeant states as follows:

## INTRODUCTION

2.     The United States District Court for the Central District of California has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among all properly joined and served parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Pursuant to 28 U.S.C. § 1441(b), no defendant in this action is a citizen of California, the state in which this action was filed.

3.     On June 6, 2016, Plaintiffs Iconlab, Inc., Icon Lab GmbH, and Reper-NN, Co. Ltd. (collectively, "Plaintiffs") filed this action against Defendants Valeant, Valeant Holdings Ireland, Bausch & Lomb Inc., Bausch & Lomb Saglik ve Optik Urunleri Tic. A.S., and Anadolu Tip Teknolojileri Uretim Pazarlama Ithalat Ihracat Ticaret ve Sanayi Anonim Sirketi ("Anadolu Tip") (collectively, "Defendants"), entitled *Icolab, Inc. et al. v. Valeant Pharmaceuticals International, Inc. et al.* in the Superior Court of California for the County of Orange, Case No. 30-2016-00856513-CU-BC-CJD.  (*See* Decl. of Tony M. Diab ("Diab Decl.") at ¶ 3, Ex. 1 ("Compl.").).  Plaintiffs assert fifteen causes of action including breach of contract, conversion, unjust enrichment, violation of California's Unfair Competition Act, interference with contractual relations, misappropriation of trade secrets, and fraud.

4.     Briefly, Plaintiffs allege that in 2003 and 2007, they entered into three contracts with Anadolu Tip whereby Anadolu Tip would purchase and/or license Plaintiffs' technology and know-how concerning hard and flexible intraocular lenses.  (Compl. ¶¶ 13-

17.)  These contracts allegedly prohibited Anadolu Tip from transferring this technology and know-how to third parties without Plaintiffs' consent.  (*Id*. at ¶ 13, 16-17.)

5. On March 25, 2014, Valeant allegedly wrote Anadolu Tip expressing its willingness to purchase assets of Anadolu Tip, including those assets which had been acquired from Plaintiffs.  (*Id*. at ¶ 18.)  Plaintiffs allege that while undertaking its due diligence, Valeant became aware of the agreements between Plaintiffs and Anadolu Tip. (*Id*.)

6. On October 13, 2014, Plaintiffs allege that Anadolu Tip, Valeant, and other entities entered into a "convoluted" Asset Sale and Purchase Agreement whereby Valeant would acquire certain assets of Anadolu Tip, including the technology and know-how of Plaintiffs' proprietary technology.  (*Id*. at ¶¶ 20-23.)

7. Plaintiffs further allege that in 2014, Anadolu Tip, Valeant, and the other Defendants entered into an additional agreement whereby Anadolu Tip sold and transferred to Valeant the technology and know-how of Plaintiffs' proprietary technology.  (*Id*. at ¶ 25.) According to Plaintiffs, in the course of performing its due diligence, Valeant would have known that Anadolu Tip could not transfer the technology and know-how to Valeant without Plaintiffs' consent.  (*Id*. at ¶ 26.)

8. As a result of these acts, Plaintiffs allege they have suffered "injury and damages in a sum of not less than $12,000,000.00."  (*Id*. at ¶¶ 46, 54, 61, 69, 73, 78, 90, 97, 104, 108, 114, 124, 128, 134.)

9. Valeant was served with a copy of the summons and complaint on June 17, 2016.  (*See* Diab Decl. at ¶ 4, Ex. 2.)

10. Bausch & Lomb Inc. was also served with a copy of the summons and complaint on June 17, 2016.  (*See* Diab Decl. at ¶ 6, Ex. 3.)

11. As of the time of this Notice, the remaining Defendants have not been served.

3

DEFENDANT VALEANT PHARMACEUTICALS
INTERNATIONAL, INC.'S NOTICE OF REMOVAL

## REMOVAL PROCEDURES

12. Pursuant to 28 U.S.C. § 1446(a), a civil action in state court may be removed to the United States District Court where such action is pending. Because the state court action was filed in the Superior Court of California for the County of Orange, this Court has removal jurisdiction.

13. Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal must be filed within 30 days after service of the summons and complaint. Valeant was served with the summons and complaint on June 17, 2016. Therefore, removal is timely.

14. As required by 28 U.S.C. § 1446(a), filed herewith are copies of all process, pleadings, and orders in this action that are in the possession of Valeant. This consists only of the summons and complaint. (*See* Diab Decl. at ¶ 3, Ex. 1.)

15. Venue is proper pursuant to 28 U.S.C. § 1391 because this action was pending in the Superior Court of California for the County of Orange.

16. Lastly, "[a]ll defendants who have been properly served in the action" must join in the notice of removal. *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (internal quotations omitted). Here, Bausch & Lomb Inc., by and through its attorney, consents and joins in this Notice of Removal. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) (adopting the position that one attorney of record signing the notice of removal and certifying the consent of the remaining defendants is sufficient). Since the remaining Defendants have not been served, they need not join this Notice of Removal.

## DIVERSITY JURISDICTION EXISTS

17. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. §§ 1441 and 1446, in that there exists complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.     The Amount In Controversy Exceeds $75,000.**

18.     The amount in controversy in this case exceeds $75,000, exclusive of interest and costs as Plaintiffs allege they "have incurred injury and damages in a sum of not less than $12,000,000.00." (Compl. ¶ 46.)

19.     A defendant may utilize the allegations in the complaint to establish the amount in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)); *Conrad Assocs. v. Hartford Accident & Indemn. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). In determining the amount in controversy, a court can take into account claims for general damages, pain and suffering, out-of-pocket loss, emotional distress, punitive damages, and attorney's fees. *See Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d, 1222, 1225 (E.D. Cal. 2005) (considering general and special damages, punitive damages, and attorney's fees); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (same).

20.     Here, Plaintiffs' complaint establishes that the amount in controversy exceeds $75,000.  Plaintiffs allege they have suffered economic harm and damages in the amount of at least $12 million and $15 million. (*See* Compl. ¶¶ 46, 54, 69, 73, 78, 97, 104, 108, 114, 124, 128, 134; *see also* "Prayer for Relief," Compl. pp. 37-40.)

21.     Plaintiffs' allegations alone are sufficient to establish that the amount in controversy exceeds $75,000.  As such, the requisite amount-in-controversy requirement is satisfied.

**B.     Complete Diversity Of Citizenship Exists**

22.     "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008).

23.     Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or

1  foreign state where it has its principal place of business." *See Johnson v. Columbia Props.*
2  *Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (same).

3  24. Here, Plaintiff Iconlab, Inc. is incorporated in California and has its principal
4  place of business in California. (Compl. ¶¶ 2, 5.) Plaintiff Icon Lab GmbH is incorporated
5  in Germany and has its principal place of business in Germany. (*Id.* at ¶ 4.) Plaintiff Reper-
6  NN, Co. Ltd. is incorporated in Russia and has its principal place of business in Russia. (*Id.*
7  at ¶ 3.)

8  25. Defendant Valeant Pharmaceuticals International, Inc. is incorporated in
9  Delaware and has its principal place of business in New Jersey. (Diab Decl. at ¶ 6, Ex. 3.)
10 Defendant Valeant Holdings Ireland, Inc. is incorporated in Ireland and has its principal
11 place of business in New Jersey. (*Id.* at ¶ 7, Ex. 4.) Defendant Bausch & Lomb Inc. is
12 incorporated in New York and has its principal place of business in New York. (*Id.* at ¶ 8,
13 Ex. 5.) Defendant Bausch & Lomb Saglik ve Optik Urunleri Tic. A.S. is incorporated in
14 Turkey and has its principal place of business in Turkey. (*Id.* at ¶ 9, Ex. 6.) Defendant
15 Anadolu Tip Teknolojileri Uretim Pazarlama Ithalat Ihracat Ticaret ve Sanayi Anonim
16 Sirketi also is incorporated in Turkey and has its principal place of business in Turkey. (*Id.*
17 at ¶ 10, Ex. 7.)

18 26. Under 28 U.S.C. § 1441(b)(1), "the citizenship of defendants sued under
19 fictitious names shall be disregarded." Therefore, the fictitious defendants named as Does 1
20 through 20 were disregarded for purposes of assessing diversity of citizenship.

21 27. No defendant in this action is a citizen of California, the state in which this
22 action was filed.

23 28. Since each defendant is a citizen of a different state or country from each
24 plaintiff, complete diversity exists. As such, the requisite diversity of citizenship under 28
25 U.S.C. § 1332(a)(1) is satisfied.

# CONCLUSION

29. As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00, and complete diversity of citizenship exists between Plaintiffs and Defendants.

WHEREFORE, Valeant, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this action from the Superior Court of California for the County of Orange to this Court. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Superior Court of California for the County of Orange, and written notice is being provided to Plaintiffs.

Dated: July 14, 2016

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ Tony M. Diab*
      Doug W. Robinson
      Gary Miller
      Tony M. Diab
      Mayela C. Montenegro
Attorneys for Defendant
Valeant Pharmaceuticals
International, Inc.