UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 16-1321-JLS (KESx)                           Date:  October 25, 2016

Title:  Iconlab Inc. et al. v. Valeant Pharmaceuticals International, Inc. et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   Terry Guerreo                                N/A
    Deputy Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                            Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING JURISDICTIONAL DISCOVERY AND DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS (Doc. 25)**

Before the Court is Defendants Valeant Pharmaceuticals International, Inc. ("Valeant"), Valeant Holdings Ireland ("Valeant Holdings"), Bausch & Lomb Incorporated ("Bausch & Lomb"), and Bausch & Lomb Saglik ve Optik Urunleri Tic. A.S.'s ("Bausch & Lomb Saglik") (collectively, "Defendants") Motion to Dismiss. (Mot., Doc. 25.)  The Court finds the matter appropriate for disposition without oral argument.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing on Defendants' Motion set for October 28, 2016 at 2:30 p.m. is VACATED.  For the following reasons, the Court DENIES WITHOUT PREJUDICE Defendants' Motion and GRANTS Plaintiffs' request for jurisdictional discovery and leave to amend their complaint.

In this case, Plaintiffs (a Russian, German, and California company) claim that Defendants expressed interest in Plaintiffs' method for producing hydrophobic polymer intraocular lenses, but — after testing it at Bausch & Lomb's Aliso Viejo laboratory — declined to procure the technology.  (Agarkov Decl. ¶¶ 4-10, Doc. 33-1.)  Plaintiffs allege that, subsequently, Defendants obtained Plaintiffs' technology from a Turkish company, Anadolu Tip Teknolojileri Uretim Pazarlama Ithhalat Ihracat Ticaret ve Sanayi Anonim Sirketi ("Anadolu Tip"), despite knowing that the transfer was in violation of restrictive covenants in Anadolu Tip's agreements with Plaintiffs.  (Compl. ¶¶ 18-33, Doc. 1-1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 16-1321-JLS (KESx)                              Date:  October 25, 2016

Title:  Iconlab Inc. et al. v. Valeant Pharmaceuticals International, Inc. et al.

While the Court has "broad discretion to permit or deny" jurisdictional discovery, such discovery is generally appropriate "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (citation omitted).  But "[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery" *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006).  Here, in opposition to Defendants' Motion to Dismiss, Plaintiffs have submitted detailed declarations disputing assertions made by Defendants and alleging various potentially relevant contacts with the forum jurisdiction. (*Compare* Lewis Decl., Doc. 25-1 *with* Agarkov Decl., Doc. 33-1; Artemow Decl., Doc. 33-2.)  Accordingly, limited jurisdictional discovery is appropriate.

On Defendants' Motion to Dismiss for failure to state a claim, the Court notes that Plaintiffs rely heavily on material that, although included in their declarations, has not been incorporated into their Complaint.  The Court generally cannot consider material outside of the pleadings on a Rule 12(b)(6) Motion.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989).  In the interest of judicial economy, the Court thus GRANTS Plaintiffs leave to amend their complaint both on the jurisdictional and substantive allegations.

In sum, the Court GRANTS Plaintiffs' request for limited jurisdictional discovery and GRANTS Plaintiffs leave to amend their complaint.  Plaintiffs have 60 days from the date of this Order to conduct such discovery and file an amended complaint.  Because Plaintiffs' filing of an amended complaint will render Defendants' Motion moot, the Court, therefore, DENIES WITHOUT PREJUDICE Defendants' Motion.  Defendants have 21 days after the filing of any amended complaint in which to renew their motion to dismiss or file an answer.  Any renewed motion to dismiss must be filed in compliance with the meet and confer requirements of Local Rule 7-3.

Initials of Preparer:  tg

**CIVIL MINUTES – GENERAL**                                                                    **2**