**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ICONLAB, INC., a California corporation; et al., | No. 19-55683 |
| Plaintiffs-Appellants, | D.C. No. 8:16-cv-01321-JLS-KES |
| v. | |
| BAUSCH HEALTH COMPANIES, INC., FKA Valeant Pharmaceuticals International, Inc., a Canadian corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted August 14, 2020**
Pasadena, California

Before: CALLAHAN, BUMATAY, and VANDYKE, Circuit Judges.

Iconlab, Inc., Icon Lab GmBH, and Reper-NN, Co., Ltd. (collectively, "Iconlab") appeal from the grant of Bausch Health Companies, Inc.'s motions to

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismiss for lack of personal jurisdiction and for failure to join indispensable parties. We affirm.

1. We review personal jurisdiction determinations de novo, *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002), and factual questions involved in the application of alter ego and agency tests for clear error. *Towe Antique Ford Found. v. I.R.S.*, 999 F.2d 1387, 1391 (9th Cir. 1993); *Penthouse Int'l, Ltd. v. Barnes*, 792 F.2d 943, 947 (9th Cir. 1986). We apply state law to questions of jurisdiction. *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017). In this case, the district court, after months of jurisdictional discovery, granted Bausch's Federal Rule of Civil Procedure 12(b)(2) motion to dismiss Bausch's foreign subsidiaries, Valeant Ireland and B&L Saglik, for lack of jurisdiction over both Iconlab's alter ego and agency theories. The district court did not err.

To support personal jurisdiction under an alter ego theory, Iconlab must show (1) "such unity of interest and ownership" between parent and subsidiary "that the separate personalities of the two entities no longer exist" and (2) the "failure to disregard" the separate entities "would result in fraud or injustice." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (simplified) (quoting *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001)). Iconlab argues there is sufficient unity of interest between Bausch and its two foreign subsidiaries because Bausch approved their large purchases, financed their activity, issued collective media releases, and

submitted consolidated earnings reports. The district court was correct that none of these allegations show Bausch's day-to-day involvement in its subsidiaries' governance. *See Ranza*, 793 F.3d at 1073 (recognizing that the "test envisions pervasive control over the subsidiary, . . . from broad policy decision to routine matters of day-to-day operation") (simplified). Instead, these activities reflect routine operations between a parent and its subsidiary.[1] Furthermore, Iconlab fails the second part of the test: it has not shown that injustice would result here from "recognition of the corporate form." *Tomaselli v. Transamerica Ins. Co.*, 31 Cal. Rptr. 2d 433, 443 (Ct. App. 1994) (finding "inadequate capitalization, commingling of assets, [and] disregard of corporate formalities" can satisfy the standard).

The district court also correctly rejected Iconlab's effort to support jurisdiction under an agency theory. Iconlab asserted that the two foreign subsidiaries are Bausch's agents, but it relies on a theory of agency, *Bowoto v. Chevron Texaco Corp.*, 312 F. Supp. 2d 1229, 1238–46 (N.D. Cal. 2004), that was rejected by the Court in *Daimler AG v. Bauman*, 571 U.S. 117, 136 (2014). *See also Yamaha Motor*, 851 F.3d at 1021 (recognizing that the test for general jurisdiction

---

[1] *See, e.g., Unocal Corp.*, 248 F.3d at 927, *abrogated on other grounds by Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017) (financing and approval of large purchases); *Sonora Diamond Corp. v. Superior Court*, 99 Cal. Rptr. 2d 824, 844 (Ct. App. 2000) (consolidated reporting); *Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1177 (9th Cir. 1980) (guarantor); *F. Hoffman-La Roche, Ltd. v. Superior Court*, 30 Cal. Rptr. 3d 407, 422 (Ct. App. 2005) (collective media releases).

asks whether a corporation is essentially "at home" in the forum state). Even assuming Iconlab's agency theory is still actionable, Iconlab employs a novel "reverse-agency" theory with no legal support: attributing to the agents (foreign subsidiaries) the contacts of the principal (Bausch). *See Strasner v. Touchstone Wireless Repair & Logistics, LP*, 210 Cal. Rptr. 3d 16, 24 (Ct. App. 2016) (rejecting jurisdictional imputation through reverse agency). We decline to approve this theory here.

 2. Next, the district court did not abuse its discretion by dismissing Iconlab's lawsuit under Federal Rule of Civil Procedure 19. The Rule 19 inquiry involves: (1) identifying the necessary absent parties; (2) determining if joinder is feasible;[2] and (3) choosing whether to proceed without them. *See* Fed R. Civ. P. 19(a)–(b); *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779–80 (9th Cir. 2005). The absent parties consisted of Bausch's foreign subsidiaries Valeant Ireland, B&L Saglik, and Valeant International Luxembourg (collectively, "Valeant subsidiaries"), Turkish company Boyut, and UAE-incorporated Mediworld.

 Under Rule 19(a)(1)(B), a party must be joined if:

> That person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk

---

[2] Iconlab does not challenge this prong of the Rule 19 inquiry and we do not address it here.

>of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed R. Civ. P. 19(a)(1)(B). Here, the district court ruled that the absent parties were necessary to determine the ownership of the technology at the heart of the dispute between Iconlab and Bausch. According to Bausch, the Valeant subsidiaries were the purported buyers of the commercial technology and Boyut and Mediworld were the purported sellers. But Iconlab sought damages, declaratory relief naming it the rightful owner of the technology, and injunctive relief prohibiting the Bausch entities from misappropriating the technology.

We agree with the district court that such a claim implicates the absent parties. As the district court observed, if Iconlab prevails and is declared the proper owner of the technology, it may require the district court to order the dissolution of contracts between the absent parties. Without unwinding the contract here, the parties could be subject to inconsistent obligations—one under the district court's order and one under the contract. The absent parties could even obtain a dueling declaration from a different tribunal. Such parties are, thus, the quintessential necessary parties. *See Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975) (holding that "in an action to set aside . . . a contract, all parties who may be affected by the determination . . . are indispensable"); *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1157 (9th Cir. 2002)

5

(holding that "a party to a contract is necessary, and if not susceptible to joinder, indispensable to litigation seeking to decimate that contract").

Having found that absent parties have legally protectable interests, the district court did not abuse its discretion in holding the absent parties indispensable. Rule 19(b)(4) provides four factors to determine whether dismissal is required in an action in which necessary parties cannot be joined, but Iconlab challenges only the fourth: whether Iconlab would have a remedy if its suit was dismissed. Fed. R. Civ. P. 19(b)(4). As the district court found, Iconlab could still sue in other jurisdictions, and, in fact, it was already litigating the dispute in several foreign courts at the time of dismissal. The district court was thus correct that Iconlab is capable of bringing its claims elsewhere and properly dismissed Iconlab's case pursuant to Rule 19.[3] *See Creative Tech., Ltd. v. Aztech Sys. PTE*, 61 F.3d 696, 702 (9th Cir. 1995) (holding that when a company has filed suit in an alternate forum, it has generally waived any argument that it cannot file there).

**AFFIRMED.**

---

[3] Iconlab admits that it does not want to bring suit in Turkey because it would not be cost effective. But the Federal Rules don't make an allowance for this concern. *See Ziegler v. Indian River Cty.*, 64 F.3d 470, 476 (9th Cir. 1995) (explaining that convenience is not an important concern in the jurisdiction analysis).